# U.S. COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 25-1762

EUGENIA VERONICA TENECOTA-VELASQUEZ,
Petitioner

v.

ATTORNEY GENERAL, UNITED STATES OF AMERICA
_____

On Petition for Review of the Board of Immigration Appeals
Immigration Judge Rosalind K. Malloy, No. A208-208-929

Before: SHWARTZ, BIBAS, and PHIPPS, *Circuit Judges*
Submitted Mar. 3, 2026; Filed Mar. 3, 2026
_____

NONPRECEDENTIAL OPINION[*]

BIBAS, *Circuit Judge*. To get asylum as a persecuted member of a particular social group, an alien must belong to the group. Eugenia Veronica Tenecota-Velasquez, an Ecuadorian, did not. She had a long-term boyfriend. After their eldest son tragically died, her boyfriend started drinking and abusing her. So she fled Ecuador and tried to enter the United States illegally. After being caught trying to enter the United States, she applied for asylum, withholding of removal, and protection under the Convention Against Torture.

The immigration judge denied all her applications. As the judge explained, "unwed single mothers [in Ecuador] in a relationship they are unable to leave" was not a cognizable

[*] This is not an opinion of the full Court and, under 3d Cir. IOP 5.7, is not binding precedent.

particular social group. AR 4 (alterations in original). And even if it were, Tenecota-Velasquez had left her relationship. Withholding failed for the same reasons. And she did not show that she would be tortured upon return to Ecuador or that the government would turn a blind eye to torture. The Board of Immigration Appeals affirmed. We review the Board's legal conclusions de novo and its factual findings for substantial evidence. *See S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 543 (3d Cir. 2018).

We can resolve the asylum and withholding claims together, because Tenecota-Velasquez did not belong to her proposed group. Though she proposed the group of "unwed single mothers in a relationship that are unable to leave," she *was* able to leave that relationship. AR 27. She got a restraining order against her then-boyfriend. In her own words, this basically worked: "He wouldn't dare go inside the house because there was a restraining order." AR 116. To be sure, this solution was not perfect; once, he violated the restraining order, and the police arrived too late to stop him from punching her. But he mostly stayed away. Plus, she started a new relationship with a man who helped her get to the United States and aimed to protect her from her old boyfriend. Moving continents and getting a new boyfriend shows that she could, and did, manage to leave the relationship. Substantial evidence supports the factual findings backing up that conclusion.

Tenecota-Velasquez also raises her Convention claim. In her brief before the Board and notice of appeal, she mentioned the Convention in passing and without explanation. But she never made any argument about the Convention to the Board. Because she failed to exhaust the claim before the Board, she cannot raise it now. *See* 8 U.S.C. § 1252(d)(1); *Castro v. Att'y Gen.*, 671 F.3d 356, 365 (3d Cir. 2012). We will thus DENY the petition for

review as to the asylum and withholding claims and DISMISS the petition for review as to

the Convention claim.